**John P. GAGLIARDI and James Tuberosa, Plaintiffs,**

v.

**Mickey WARD, Alice Ward, Joe Lake, George Ward, Leon Weinstein, and Salvatore Lonano, Defendants.**

No. 96–CV–1898.

United States District Court, N.D. New York.

June 19, 1997.

John T. Gagliardi, Ray Brook, NY, pro se.

James Tuberosa, Revere, MA, pro se.

Gold & Wachtel, LLP, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

## I. FACTS

Presently before this Court is defendant Leon Weinstein's motion to dismiss plaintiffs' Complaint against him for failure to state a claim, Fed. R. Civil Pro. 12(b)(6), lack of subject matter jurisdiction, 28 U.S.C. § 1367(c)(3), improper venue and personal jurisdiction, 28 U.S.C. § 1391(a–b). Plaintiffs, are suing defendant and others for allegedly violating the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and for "fraud or mistake and breach of contract."

Plaintiff Gagliardi is presently incarcerated in New York due to an unrelated event, but was a Massachusetts resident prior to imprisonment. Plaintiff Tuberosa, like defendants Alice Ward, "Irish" Mickey Ward, George Ward, Salvatore Lonano, Joe Lake, and Leon Weinstein, is a Massachusetts resident.

Plaintiffs allege that they entered into an oral contract with boxer Mickey Ward whereby Gagliardi's Celebrity Boxing would serve as Ward's exclusive promoter while plaintiff Tuberosa would act as Ward's manager. Gagliardi does not state how much he was to receive in exchange for his services. However, Tuberosa alleges he was to receive one-third of Ward's purses. In the event that Ward fought in bouts not promoted by Celebrity Boxing, Gagliardi alleges that he and Celebrity Boxing were guaranteed one-fifth of such purses.

Since entering into the alleged contract, plaintiffs claim that Ward has fought in six fights, three of which were nationally televised. Plaintiffs allegedly received no compensation for Ward's participation in these events. They are suing defendant Weinstein, a Massachusetts resident, for allegedly interfering with the supposed contract.

## II. DISCUSSION

Plaintiffs premise the instant action both on federal question and diversity jurisdictional issues. *See* 28 U.S.C. §§ 1331, 1332(a)(1). The Court will address the federal question, RICO, before turning to the diversity issue. If necessary, following the discussion of diversity, the Court will address the issue of supplemental jurisdiction. *See* 28 U.S.C. § 1367.

### A. Defendant's Motion to Dismiss the RICO Claim

To state a RICO claim plaintiffs must plead seven elements: "that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invest in or maintain some interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *See Moss v. Morgan Stanley, Inc.* 719 F.2d 5, 17 (2d Cir.), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); 18 U.S.C. § 1964. After establishing these, plaintiffs must then allege that they were "injured in [their] business or property *by reason of* a violation of § 1962." *See Id.* (emphasis in original).

Moreover, when using RICO as the predicate to a claim, plaintiffs must describe a pattern of the alleged racketeering activity, including the "content of the communications, who was involved, when and where they took place, and [ ] why they were fraudulent." *See Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1176 (2d Cir.1993). This requirement is further echoed by the specific directives of this District's General Order # 34(5)(c) which mandates that plaintiffs who allege mail or wire fraud as their RICO predicate, include the following information:

> the "circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the identify the persons to whom and by whom the alleged misrepresentations were made.

In the instant case, plaintiffs' Complaint and Civil RICO Statement are defective under the preceding standards since they only speculate that 'discovery will show defendant was party to misrepresentations by mail, wire, and telephone.' Because plaintiffs neither specifically identify fraudulent circumstances nor the identity of persons who made and received any alleged misrepresentation, plaintiffs' Complaint is fatally flawed.

Additionally, this Court, in accordance with *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 232, 109 S.Ct. 2893, 2897, 106 L.Ed.2d 195 (1989), previously stated that when attempting to show a violation of mail and wire fraud statutes, plaintiff must establish two propositions. First, plaintiff must show that defendant participated in a scheme to defraud. *See Segarra v. Messina,* 153 F.R.D. 22, 27 (N.D.N.Y.1994). Second, plaintiff must show defendant knowingly used the interstate mails or wires to further the scheme. *See Id.*

Here, plaintiffs allege that defendant was party to a breach of contract. Breach of contract, however, does not constitute a scheme to defraud. *See Mills,* 12 F.3d at 1176. Moreover, reliance is an "indispensable element" of any civil RICO claim based on mail or wire fraud. *See Gruntal & Co. v. San Diego Bancorp,* 901 F.Supp. 607, 620 (S.D.N.Y.1995); *see also Metromedia Co. v. Fugazy,* 983 F.2d 350, 368 (2d Cir.1992).

Here as well, plaintiffs' fail to allege that they ever relied on any misrepresentations, or that such reliance caused them injury.

Thus, because plaintiffs fail to allege any deceptive act or reliance on any misrepresentation by defendant as required by the mail fraud statute, their Complaint does not state a RICO claim. *See McLaughlin v. Anderson,* 962 F.2d 187, 192 (2d Cir.1992) (citations omitted). Accordingly, plaintiffs' RICO action fails to state a cause of action and should be dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

## B. Diversity

Plaintiffs also contend that this Court has jurisdiction over the instant matter on the basis of diversity. 28 U.S.C. § 1332(a)(1). As a jurisdictional matter, diversity requires that the amount in controversy exceeds $75,000, "exclusive of interests and costs," and is between "citizens of different states." *See* 28 U.S.C. § 1332. Furthermore, as the Supreme Court held in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978) (emphasis in original) (citations omitted), "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."

Here, plaintiffs claim damages exceeding $75,000. Thus, plaintiffs have satisfied the "amount in controversy," diversity's first requirement. *See* 28 U.S.C. § 1332(a). However, under diversity's second requirement, plaintiffs must also allege that each defendant is a citizen of a different state from each plaintiff. *See Kroger,* 437 U.S. at 373–74, 98 S.Ct. at 2402–03, *applying,* 28 U.S.C. § 1332(a)(1).

In the instant case, plaintiff Gagliardi lived in Massachusetts until he was incarcerated in New York. Thus, for diversity purposes, Gagliardi is still a Massachusetts resident since a "prisoner retains the domicile he had at the time of incarceration" *See* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3618 at 568 (1984). Moreover, the Complaint plainly states that plaintiff Tuberosa resides in Massachusetts.

Because plaintiffs are Massachusetts residents, the fact that they named Massachu-

setts residents Weinstein, Alice Ward, Mickey Ward, George Ward, Salvatore Lonano, Joe Lake, and Michael O'Keefe as defendants destroys diversity under *Kroger.* *See* 437 U.S. at 373–74, 98 S.Ct. at 2402–03. Thus, this Court does not have jurisdiction pursuant to diversity. *See Id.;* 28 U.S.C. § 1332(a)(1).

### C. Supplemental Jurisdiction

Because the Court entertained plaintiffs' RICO claim pursuant to federal question jurisdiction, § 1331, it also has jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . ." *See King v. Crossland Sav. Bank,* 111 F.3d 251 (2d Cir.1997); 28 U.S.C. § 1367(a). However, the Court may still decline to exercise supplemental jurisdiction for any one of four enumerated exceptions set forth in the statute. *See* 28 U.S.C. § 1367(c)(3).

The relevant exception to the exercise of supplemental jurisdiction in this case is that the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses plaintiffs' federal claims for failure to state a cause of action based on a federal question and lack of diversity before trial, the state-law claims should be dismissed as well. *See Folio Impressions Inc. v. Byer California,* 937 F.2d 759 (2d Cir.1991). Thus, the Court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims.

### III. VENUE

By virtue of the foregoing discussion, the Court will not reach the issue of venue.

### IV. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** defendant's motion to dismiss the **RICO** claim and **DECLINES** to exercise supplemental jurisdiction over plaintiffs' state-law claims.

**IT IS SO ORDERED.**